## CARSON & RAND LUMBER CO. *v.* HOLTZCLAW.

(*Circuit Court, N. D. Missouri, E. D.*   January 13, 1891.)

REMOVAL OF CAUSES—APPLICATION—AMENDMENT.
  Where an application to remove a cause to a federal court, on the ground of local prejudice, has been denied, a motion, made several months later, to amend the petition so as to set up another ground for the removal, is too late, and will be refused.

At Law.   On motion to remand.

This is a motion to remand the cause to the state court. Plaintiff brought suit in the circuit court of Macon county, Mo., on February 8, 1889, (the same being returnable to the April term, 1889,) for the sum of $1,822.99.   April 10, 1889, the defendant filed his answer, and interposed a counter-claim for something over $3,000.   April 12, 1889, plaintiff filed a motion to strike out part of defendant's answer, which motion was overruled April 20, 1889.   Thereafter, on May 25, 1889, plaintiff filed a reply to the answer, and on the same day lodged in the clerk's office of the Macon county circuit court a petition for removal of the cause to the United States circuit court for the northern division of the eastern judicial district of Missouri, under the local prejudice and influence clause of the act of congress of March 3, 1887.   *Vide* 24 St. U. S. 553.   Subsequently the petition for removal was presented to this court, and an order of removal demanded.   Such order was finally denied on September 30, 1889.   For the action taken on such application in this court, see 39 Fed. Rep. 578, 885.   On September 27, 1889, the cause was ordered to be continued to the next term by the Macon county circuit court, but on October 1, 1889, that order was set aside, and three days thereafter, October 4, 1889, the plaintiff filed what is termed an "amendment to the original petition for removal."   Such amended petition alleged the existence of "a separable controversy between Holtzclaw and the Carson & Rand Lumber Co.," in which the lumber company was defendant.   The amended petition was accompanied with a bond for removal in the ordinary form.   The state court does not appear to have taken any action whatever on the amended application for removal.   On the 13th of November, 1889, the lumber company lodged a transcript of the record of the state court in this court, and on December 2, 1889, defendant filed a motion to remand.   For some reason unknown to the court the motion to remand has not heretofore been submitted.

*Sears, Guthrie,* and *J. C. Davis,* for plaintiff.
*B. R. Dysart* and *Berry & Thompson,* for defendant.

THAYER, J., (*after stating facts as above.*)   In any view that may be taken of the facts as above stated, the motion to remand must be sustained.   Having failed in the effort to remove the cause on the ground of prejudice and local influence, it seems that an attempt was made to

v.44F.no.11—50

remove on other grounds, by amending the original petition for removal some months after it had been filed. The application was made too late, and the motion to remand must be sustained. It is so ordered.